Mary Katheryn WOFFORD,
Plaintiff-Appellant,

v.

KENNEDY'S 2ND STREET CO., La-
clede's Landing Redevelopment Cor-
poration, Defendants-Respondents.

No. 45661.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 15, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

William Edward Taylor, St. Louis, for plaintiff-appellant.

William W. Evans, Gerre S. Langton, St. Louis, for Kennedy's 2nd Street Co.

Joseph M. Kortenhof, John Keath, St. Louis, for Laclede's Landing Redevelopment Corp.

SNYDER, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis which dismissed appellant, Mary Katheryn Wofford's second amended petition. The trial court granted the separate motions of respondents Kennedy's Second Street Company (Kennedy's) and Laclede's Landing Redevelopment Corporation (Laclede's) to dis-

miss for failure to state a cause of action or failure to state a claim upon which relief could be granted. The judgment dismissing the petition is affirmed.

In appellant's single point relied on, she charges the trial court erred in granting defendants' separate motions to dismiss her second amended petition because she alleged facts sufficient to establish a duty owed by the respondents to appellant, the negligence of Kennedy's and Laclede's and injuries proximately caused by that negligence. She further argues that she stated a cause of action for fraudulent misrepresentation against Laclede's.

Appellant's petition is in six counts. Count I seeks compensatory damages of $500,000 from Kennedy's for its alleged negligent acts. Count II seeks punitive damages in the amount of $2,000,000 from Kennedy's, because of Kennedy's alleged recklessness.

Count III seeks damages of $500,000 from Laclede's because of Laclede's false representations concerning the incidence of crime at Laclede's Landing and appellant's reliance on the false representations. Count IV seeks from Laclede's damages of $500,-000 for its negligence in failing to provide security guards, street lighting and escorts for women customers, and failing to warn appellant of the dangers of an attack, and of the absence of security precautions and street lighting. Count V seeks punitive damages of $15,000,000 from Laclede's because of its alleged recklessness.

Count VI against the defendant of City of St. Louis was dismissed without prejudice.

■ The petition alleges that on February 21, 1979, appellant was a customer of Kennedy's, which is located at 612 North Second Street in St. Louis. Appellant left Kennedy's at approximately 10:25 p.m. to go to her car which was parked on the north side of Lucas Avenue between First and Second Streets. As she approached her automobile, appellant was kidnapped by three assailants who took her to a building on Martin Luther King Drive, where appellant was raped, sodomized and beaten by the assailants.

Appellant alleges that Kennedy's knew, or should have known, that there were no lighted parking lots or garages on Laclede's Landing for business invitees; that Kennedy's knew, or should have known, that the street lighting for Laclede's Landing had been intermittently inoperative for at least four days prior to the attack on appellant; that Kennedy's knew, or should have known, that, in the absence of adequate street lighting, the likelihood of assault and other crimes would increase; that Kennedy's knew, or should have known, that Laclede's Landing has been the site of a number of violent crimes during the three year period prior to the attack on appellant.

The petition against Kennedy's alleged failure to exercise ordinary care because Kennedy's failed to provide a uniformed security guard, failed to provide plain clothes security personnel, failed to warn appellant about the absence of security precautions and the danger of an attack before her departure from Kennedy's, failed to provide street lighting in front of Kennedy's, failed to provide appellant with any warning about the absence of street lighting, and failed to provide appellant with any warning or notice about the increased likelihood of criminal acts when street lighting is absent; and finally, failed to provide a safe escort for women customers, including appellant, even though the provision of an escort service had been a policy of Kennedy's in the past.

In spite of the numerous allegations of fact concerning the lack of security guards and escorts, the absence of lighting and the failure to warn, this court finds that appellant's second amended petition failed to state a cause of action against Kennedy's and affirms the trial court's judgment dismissing the petition as it applies to Kennedy's.

The petition alleges that appellant was a business invitee of Kennedy's and from the

facts alleged, the inference that she was a business invitee can be made. Respondents raise no issue about her status.

■ Kennedy's was a restaurant and tavern, and a tavern keeper owes his invitees a duty of ordinary care to prevent injuries inflicted by third persons. *Gregorc v. Londoff Cocktail Lounge*, 314 S.W.2d 704, 707[3] (Mo.1958). "As a general rule, the proprietor of a place of public resort is subject to liability to his business invitees for injuries inflicted by the acts of other patrons or third persons if the proprietor by the exercise of reasonable care could have known that such acts were being done or were about to be done and could have protected his customers by controlling the conduct of the other persons." Id. at 707[5–7].

The question is whether Kennedy's owed a duty to appellant when she was on Lucas Avenue, a public street around the corner from the Kennedy's establishment. The duty which Kennedy's owed appellant extended from the premises to the approaches of Kennedy's. See *Associated Dry Goods Corp. v. Drake,* 394 F.2d 637, 641[4] (8th Cir.1968).

A public street around the corner from a restaurant and tavern is not an approach to the establishment for purposes of holding the owners of the establishment liable for harm caused to patrons by third persons. If a public street under the circumstances here were held to be an approach so that the landowner's duty to prevent injuries is extended to injuries occurring on public thoroughfares, the line which would cut off the landowner's liability becomes nearly impossible to draw.

Responsive to the issue is *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429 (7th Cir.1978) which held that defendants did not owe " . . . duty to its business invitees to protect invitees from criminal attacks by third persons while invitees were parked on public thoroughfares adjacent to defendant's business premises." Id. at 429. The reasoning is persuasive. In *Mitchell,* the plaintiff was a truckdriver who was making a delivery to the defendant's premises. The defendant's employees directed the plaintiff to park on a public street next to the defendant's business. The plaintiff was shot while parked on the street.

If the defendant in *Mitchell* was not liable for the injuries inflicted there, then Kennedy's, which had no control over the public streets, should not be liable in the case under review, and this court holds that they are not liable, there being no duty owed by Kennedy's to appellant to prevent injuries inflicted by third persons on a public thoroughfare around the corner from the entrance to Kennedy's.

If follows therefore, that, because there was no duty to prevent the injuries, there was no duty to warn appellant of possible dangers, provide an escort or provide a security guard.

Further, appellant has also alleged that Kennedy's "Conduct showed complete indifference to, or a conscious disregard of, the safety of others, including this Plaintiff."

Once again the question is one of duty. The fact that the duty of ordinary care did not require Kennedy's to take any action to protect appellant does not resolve the question of a conscious disregard of appellant's safety. It is conceivable that, although Kennedy's may not be liable for an unintentional failure to guard against an unknown danger, it may very well be under a duty to avoid an intentional failure to guard against a known risk. In other words, Kennedy's may have to conform to a lesser degree of care than the degree of care imposed by the negligence concept, the violation of which lesser degree of care is recklessness or conscious disregard of the safety of appellant.

The usual meaning assigned to "wilful", "wanton" or "reckless", according to taste concerning the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. Prosser, William L., Law of Torts, § 34 (4th ed. 1971).

The appellant has alleged that Kennedy's acted in conscious disregard of a known

risk. The question is whether this act was of an unreasonable character. Kennedy's failure to provide escorts, security guards and failure to warn appellant was not unreasonable in view of Kennedy's lack of control over the public streets. There was no error in dismissing the petition against Kennedy's.

Appellant charges the trial court erred in dismissing the petition against Laclede's because the petition fully stated a cause of action against Laclede's for fraudulent misrepresentation, negligence and a conscious disregard for the safety of appellant, who states that Laclede's had a special duty to protect her.

Appellant's points relied on are stated in very general terms, sometimes abstract statements of the law and sometimes conclusional. This court has read and re-read the allegations in the petition against Laclede's and the arguments advanced by appellant, and finds that the trial court did not err and that the petition should also be dismissed as it applies to Laclede's.

The question of the misrepresentation or fraud by Laclede's will be considered. Appellant does not allege specifically that Laclede's representation that Laclede's Landing was a low crime area was false; that is, she does not use the words "false" or "false representation" in the body of her petition, although she refers to "Fraudulent Misrepresentation" in the title to her Count III. But the allegation that Laclede's knew that Laclede's Landing was a high crime area, along with the allegation that Laclede's represented Laclede's Landing to be a low crime area, interpreting the petition in the light most favorable to the appellant, can be found to imply that a statement that Laclede's Landing was a low crime area was false and that Laclede's was aware of its falsity. The petition includes all of the other allegations necessary to a claim of fraudulent misrepresentation, including an averment that the representations were material.

■ Appellant's petition founders on the issue of materiality. Laclede's correctly argues that any statement made by them that Laclede's Landing was a low crime area was a representation of opinion which is not actionable. This statement is analogous to a statement by a seller regarding the quality of his goods. A statement that an area had a very low crime rate, assuming appellant had a right to rely on it, is only a matter of opinion because what is low and what is high would necessarily differ from person to person and from area to area.

■ General expressions of opinion are not actionable. See Missouri Tort Law, Mo.Bar CLE § 21.6, where it is stated, "Statements of opinion, representations of value, dealers talk, trade talk, puffing a manufacturer's wares and sales propaganda are ordinarily not representations which can be the basis of a cause of action of deceit." The statement that Laclede's Landing is a "low crime" area is sales propaganda and trade talk, puffing the Laclede's Landing area for entertainment purposes. Thus, appellant fails in her claim for the materiality of defendant Laclede's representation. See also *Strebler v. Rixman,* 616 S.W.2d 876, 878[3] (Mo.App.1981) ("a good boat"), *Leesemann v. Schulte,* 24 S.W.2d 1083, 1085[1] (Mo.App.1930) ("The neighborhood was 'pretty well built up' ").

The other issues raised by respondent relating to the indefiniteness of the statement, the inapplicability of the action for deceit under the facts of the case under review because it is not a business case, the lack of a causal relationship between the alleged misrepresentation and plaintiff's damages, and the absence of duty need not be discussed because the alleged false representation was not factual but was a general statement which did not meet the test of materiality.

Appellant in her brief speaks to the elements of common law fraud, but cites no cases in support of her argument that her petition sufficiently pleads a cause of action for fraud under these circumstances. The trial judge correctly dismissed the petition insofar as it attempted to state a claim for fraudulent misrepresentation.

■ Appellant contends the trial court erred in dismissing the petition as it pertained to Laclede's because the petition stated a cause of action against Laclede's

based on negligence. An allegation of negligence presupposes a duty, but there is no duty under the facts alleged in the petition.

Appellant, in her brief, propounded the same arguments against Laclede's as she used against Kennedy's, except that she contends that Laclede's owed a special duty to protect appellant because Laclede's was charged with control of all of the area comprising Laclede's Landing under the special provisions of Chapter 353, RSMo. 1978. She cites no specific section of Chapter 353 which requires that Laclede's be responsible for, or which imposes the duty of control of, the Laclede's Landing area by Laclede's, only the conclusional statement that Laclede's "Has the additional duty to protect its business invitees while they are on the sidewalks and streets anywhere in the Laclede's Landing area." Appellant cites no cases which would support the conclusions she has drawn about Laclede's alleged duty to her.

Appellant states baldly that Laclede's exercised control over the Laclede's Landing recreational entertainment complex under Chapter 353, RSMo.1978. Again, it is a conclusion of appellant and it is not supported by any case law or by the statute she cites. Then, too, the conclusion she draws that Laclede's exercised control over the area is stated in only her brief. There is no allegation in the petition that Laclede's controlled the public thoroughfare where the incident in question occurred.

As Laclede's points out, § 353.170 Missouri Revised Statutes 1978, actually gives the city the power to install, construct and reconstruct streets and any and all other city improvements necessary for the preparation of the area for use. No cause of action was stated against Laclede's.

Appellant in this case was grievously injured. It is natural that she should seek recompense for those injuries from someone. Unfortunately, the individuals responsible for the crimes of which she was the victim are, in all likelihood, unable to pay monetary damages, and monetary damages, regardless of the amount, could never fully compensate appellant for the dreadful harm she suffered.

Nonetheless, respondents here may not be held liable under the guise of an extension of duty far beyond the limits of duty as it exists in the law today in Missouri court opinions relating to common law negligence.

Respondent speaks of foreseeability and indeed, it is foreseeable that any one might be the target of a criminal attack in any area of the city or the suburbs. But to extend the liability of a business to the point that the business would be responsible for crimes on the public thoroughfares in the vicinity of the business would open the floodgates to litigation until almost any crime victim in a commercial area could successfully place his or her case before a jury. It would allow a finding of negligence on the part of a commercial establishment when a crime is committed anywhere in a commercial area. Where would the liability end?

The judgment dismissing the petition is affirmed.

REINHARD and CRIST, JJ., concur.