Timothy D. STROOT, Plaintiff–Appellant,

v.

TACO BELL CORPORATION,
Defendant–Respondent.

No. 72982.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Gray & Ritter, John G. Simon, Jason D. Dodson, St. Louis, for appellant.

Newman, Goldfarb, Freyman & Klein, P.C., John E. Toma, Jr., St. Louis, for respondent.

HOFF, Judge.

Timothy D. Stroot (Stroot) brought a negligence action against Taco Bell Corporation (Taco Bell) because of serious injuries he incurred from the actions of a third person

on Taco Bell premises. Stroot appeals from the trial court's judgment granting Taco Bell's second motion for summary judgment. We affirm.

Stroot was attacked and beaten on the parking lot of a Taco Bell restaurant. Stroot was waiting inside the restaurant to order food when he overheard someone state a man was beating up a woman outside, near Taco Bell's front entrance. Stroot observed the situation and went outside shortly thereafter to speak with the man. Stroot spoke to the man in Taco Bell's parking lot briefly before another man, Ryan Alfred Parker (Parker),[1] attacked and beat Stroot. Stroot asserts that before he went outside of the restaurant he asked Taco Bell employees to assist in the situation or to call the police.

Stroot sued Taco Bell for negligence, alleging in relevant part that Taco Bell failed to: (1) provide security and adequate lighting; (2) take adequate precautions to make the premises safe; and (3) warn Stroot of the danger on its premises. Stroot argues that his status as a business invitee gave rise to Taco Bell's duty to protect him from foreseeable criminal activity and that Taco Bell should have known of prior criminal activity in the area. Stroot further argues that his injuries were directly and proximately caused by Taco Bell's negligence.

Taco Bell filed two motions for summary judgment, contending in relevant part, there are no genuine issues of material fact and it is entitled to judgment as a matter of law because: (1) Stroot failed to prove specific incidents of prior violent crimes on Taco Bell premises within the relevant time period; (2) Taco Bell owed no duty to customers injured as a result of their interference with an altercation on its premises; and (3) even if Taco Bell owed a duty to Stroot, any breach of that duty was not the proximate cause of Stroot's injuries.

Stroot's response to Taco Bell's motions for summary judgment included his affidavit and deposition testimony, as well as the deposition testimony of several other individuals. This material alleged that Taco Bell was a hangout for people who sometimes engaged in fighting on Taco Bell premises and Taco Bell was aware of this fighting before the incident at issue here. Stroot urged factual issues exist making summary judgment for Taco Bell improper.

The trial court granted Taco Bell's second motion for summary judgment, finding no genuine issue of material fact as to the proximate cause of Stroot's injuries and that Taco Bell is entitled to judgment as a matter of law. This appeal followed.

In his only point on appeal, Stroot argues the trial court erred in granting summary judgment for Taco Bell because a material question of fact existed as to whether Stroot's injuries were the probable and natural consequences of Taco Bell's alleged negligence. Stroot further urges that, if he encountered circumstances known and obvious, a jury should be allowed to assess fault.

A motion for summary judgment will be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(3). On appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp., v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We need not defer to the trial court's judgment granting summary judgment because our review is de novo. *Id.*

In a negligence action, a plaintiff must establish: a duty on defendant's part to protect plaintiff from injury; failure of defendant to perform that duty; and plaintiff's injury was proximately caused by defendant's failure to perform such duty. *Krause v. United States Truck Co.*, 787 S.W.2d 708, 710 (Mo. banc 1990). Here, the only issue is whether the trial court erred in granting summary judgment in favor of Taco Bell by

---

1. Parker is not a party to this appeal.

finding no proximate cause between Stroot's injuries and Taco Bell's alleged negligence.

■ "[I]n deciding questions of proximate cause and efficient, intervening cause, each case must be decided on its own facts...." *Krause*, 787 S.W.2d at 710. Usually, the issue of whether proximate cause exists is an issue for the jury. *Tompkins v. Cervantes*, 917 S.W.2d 186, 190 (Mo.App. E.D. 1996). However, when evidence reveals an "intervening cause which eclipses the role the defendant's conduct played in the plaintiff's injury," a court may take the issue of proximate cause from the jury. *Id.*

■ "The practical test of proximate cause is generally considered to be whether the negligence of the defendant is that cause or act of which the injury was the natural and probable consequence." *Krause*, 787 S.W.2d at 710. This test has generally been referred to as a "look back" test, but because the resulting injury must be "natural and probable," an element of foreseeabilty also exists in this analysis. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. banc 1993). If the resulting damages are "surprising, unexpected, or freakish, they may not be the natural and probable consequences of a defendant's actions." *Id.* An event that interrupts the actions caused by defendant's negligence may be an intervening resulting cause, which is a new and independent event that becomes the "responsible, direct, proximate cause of the injury." *Vann v. Town Topic, Inc.*, 780 S.W.2d 659, 661 (Mo.App. W.D.1989).

Here, Stroot argues a material question of fact exists for the jury as to whether Stroot's intervention in the altercation outside the restaurant was the "natural and probable" result of Taco Bell employees' negligence in failing to call the police or take any action to prevent harm to Stroot. Stroot contends that it was Taco Bell employees' failure to call the police or to take any action whatsoever that created the chain of events leading to Stroot's decision to leave the restaurant and subject himself to being attacked by Parker. The record indicates that Stroot left the restaurant shortly after learning of the altercation.

We find this case to be similar to the Western District decision in *Vann*. In that case, plaintiff and a friend were eating at defendant's restaurant when they observed a scuffle in the restaurant. *Vann*, 780 S.W.2d at 660. An employee of the restaurant ordered the fighting individuals to leave the restaurant, which they did. *Id.* Subsequently, plaintiff and his friend left the restaurant and saw these individuals in the street. *Id.* Plaintiff attempted to break up the fight and was attacked. *Id.* The Western District found no proximate cause because plaintiff's voluntary involvement in the squabble was the intervening resulting cause of his injury. *Id.* at 661–62. The court stated:

> The sole and precipitating cause of the attack on appellant was his decision to intervene in the melee.... Even if it be assumed that respondent owed some duty to protect appellant as he left the restaurant, a failure to discharge that duty was not the proximate cause of appellant's injury.

*Id.* at 661.

■ Likewise, Stroot was aware of the altercation outside Taco Bell and continued to interject himself voluntarily into the situation leading to his encounter with Parker. There is no evidence in the record before us that indicated Stroot would have been injured had he remained in Taco Bell. Moreover, the record establishes Stroot's intervention in the situation on Taco Bell's parking lot was independent of Taco Bell's alleged negligence and became the "responsible, direct, proximate cause of [his] injur[ies]." *Id.* Therefore, the trial court did not err in granting summary judgment for Taco Bell on the issue of proximate cause.

■ Stroot's argument that a jury should have been permitted to assess the relative fault of both Taco Bell and Stroot of Stroot's injuries is not persuasive under the circumstances. Before a jury can assess the comparative fault of parties in a negligence action, all the elements of a negligence action must be established. *Id.* at 662. Where the plaintiff fails to prove a causal connection between the defendant's alleged negligence and plaintiff's injuries, the plaintiff may not recover damages. Id. If plaintiff's injuries

were a result of a separate, intervening cause, there is no need to address the issue of comparative fault. *Id.* Here, Stroot failed to establish a causal connection between his injuries and Taco Bell's alleged negligence. Therefore, the issue of comparative fault need not be reached and summary judgment was properly granted. Point denied.

Judgment affirmed.

ROBERT G. DOWD, Jr., P.J., and RHODES RUSSELL, J., concur.