Timothy M. THWING, James Thwing and Geri Thwing, Plaintiffs–Appellants,

v.

Paul D. REEDER, Barbara Smith, Troy Smith and Trevor Smith, Defendants–respondents.

No. 73875.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 8, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1999.

Application to Transfer Denied April 27, 1999.

W. Scott Pollard, Florissant, MO, for appellants.

Brinker & Doyen, L.L.P., Scott C. Harper & Aaron I. Mandel, Clayton, MO, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

The facts we state are based on sworn and uncontested documentation in the record. Barbara Smith and her teenage sons hosted a keg party at their residence, expecting fifteen or twenty guests. Each guest was obliged to pay three dollars to get a cup for beer. After the party began Barbara left to visit a neighbor and was not present during the incidents hereafter described.

Soon thereafter, a group of party crashers appeared, one of whom was Paul Reeder. The teenage hosts asked the intruders to leave, and they were in the process of complying. As Reeder was leaving the premises, he and plaintiff Timothy Thwing, a guest at the party, had some words, after which Reeder pulled out a gun and shot him, inflicting painful wounds. Timothy and his parents then filed suit against Reeder and the three Smiths, alleging negligence in several particulars. The trial judge sustained the Smith defendants' motion for summary judgment, certifying the judgment as final for purposes of appeal. Timothy and his parents appeal. We affirm.

■ The requirements for summary judgment, with special reference to summary judgment against the party having the burden of proof, are exhaustively discussed in *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371 (Mo.banc 1993). Initially, a Missouri plaintiff is obligated to file a petition stating facts that, if proved, demonstrate the presence of each essential element of a claim recognized by the law. Until a summary judgment rule was adopted in 1959 a plaintiff who filed a sufficient petition was entitled to go to trial. With summary judgment, now established in Rule 74.04, a defendant may seek to demonstrate that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's claim, making use of pleadings, affidavits, depositions and judicial admissions. When a properly supported motion is filed the plaintiff may not rest on the allegations of the pleadings, but must specifically respond by filing counter affidavits or referring the court to record materials demonstrating the presence of genuine fact issues. In ruling on the motion, however, the court must construe the movant's submission strictly, giving the opposing party the benefits of all conflicts in the submissions and of all reasonable inferences in support of the claim. The motion may be sustained only if it clearly appears from the record that there are no genuine issues of fact.

■ The present plaintiffs base their claim on negligence. As to Barbara Smith, the only allegations of the petition are as follows:

8. That Defendant Barbara Smith gave permission to Defendants Troy and Trevor Smith to have a party on the premises, and Defendant Barbara Smith knew that a large number of minors and young adults would be invited, and she knew or should have known that other uninvited and/or unwelcome persons would try to get into the party.

Barbara Smith admitted that she gave permission for the party and knew that beer would probably be served. There is no evidence that she was present at the party when the crashers arrived or when Timothy was shot. The plaintiffs cite *Scheibel v. Hillis*, 531 S.W.2d 285 (Mo.1976), in which the Court held that a petition sufficiently alleged negligence against a homeowner. The homeowner had invited a person of known violent and unstable disposition into a house in which the guest knew the location of a loaded shotgun. That case differs from this one because of the allegation of the host's knowledge of the danger. Furthermore, that case was ruled on a motion to dismiss, and the court indicated that the plaintiff might not be able to make a case when the evidence was presented.

In *Smith v. Gregg*, 946 S.W.2d 807 (Mo. App.S.D.1997), the Southern District held that the mere hosting of a teenage drinking

party did not constitute actual negligence, even though alcoholic beverages were consumed illegally. We have been cited to no contrary cases from Missouri or elsewhere. The plaintiffs have pointed to no substantial evidence of any other negligence on the part of Barbara Smith, and summary judgment was properly entered in her favor.

■ The allegations of negligence on the part of Troy and Trevor Smith are identical, reading as follows:

19. The shooting and Plaintiff Timothy Thwing's subsequent injuries were the direct and proximate result of the negligence and carelessness of Defendant Troy Smith as follows:

a. Defendant Troy Smith attempted to take a loaded handgun away from Defendant Paul D. Reeder.

b. Defendant negligently and carelessly reached for or hit the arm of Defendant Paul D. Reeder.

Both Troy and Trevor Smith submitted affidavits denying any attempt to take a gun from Reeder, or any touching of Reeder. Reeder at his sentencing hearing testified under oath that somebody grabbed his hand but that he did not know who had done so. Timothy Thwing testified on deposition that he could not say that anybody had touched Reeder. The plaintiffs do not point to anything else in the record supporting a finding of touching or attempting to take a gun from Reeder. Thus, plaintiff cannot show that the allegations of paragraph 19(a) and (b) as to Troy, or the identical allegations of paragraph 20(a) and (b) as to Trevor, present genuine issues of fact as to negligence.

Paragraph 19 (c) referring to Troy, and the identically worded paragraph 20(c), referring to Trevor, read as follows:

Defendant [Troy/Trevor] Smith owed a duty to protect Plaintiff Timothy Thwing when Defendant [Troy/Trevor] Smith became aware that Defendant Reeder was a violent person or a trouble maker and was conducting himself in a manner to indicate danger, and there was sufficient time to prevent injury to Plaintiff Timothy Thwing, but Defendant [Troy/Trevor] Smith breached that duty by failing to call

the police, or failing to warn Plaintiff Timothy Thwing, or to announce to Defendant Reeder that he was going to call the police, when he knew or should have known that failure to act was likely to result in injury to Plaintiff Timothy Thwing.

Troy testified in his deposition as follows:

Then basically we talked—this probably [went] on for maybe ten minutes, you know, where we were trying to get them to go back to their cars. And we did get them—well, actually Tim Bingham came up to me and he said that the one guy, the black guy, Reeder that I had no idea who he was, was walking around with his—it was like holding something, you know, like he had a weapon of some sort. And he came up to me and he did say that he thinks he's got either a gun or a knife or something that we need to get these people inside, you know, get this place shut down completely.

The undisputed testimony shows that the hosts told Reeder and the other crashers that they had to leave the premises, and that they indicated that they would do so. Reeder apparently was not happy about being asked to leave but did not argue. Both Troy and Trevor stated under oath that they did not know that Reeder had a gun until just before he fired the shot.

The record fails to demonstrate negligence in failing to call the police or to warn Timothy of danger. The Smiths elected to tell Reeder and his companions to leave, and there was no indication that they would not comply. No evidence has been shown of threats, disorder, or argument. Nothing but rumor supports the claim that Troy or Trevor knew of any violent propensities on Reeder's part. Any suggestion that a call to the police would have prevented the shooting is speculative, because nothing in the record indicates that the police could have arrived in time to make any difference. *See also Stroot v. Taco Bell Corporation*, 972 S.W.2d 447 (Mo.App.E.D.1998)(holding that plaintiff's knowledge of the danger and voluntary interjection into the situation was the direct, proximate cause of his injuries, not defendant's alleged negligence of failing to call the police); *Vann v. Town Topic, Inc.*, 780 S.W.2d

659 (Mo.App.1989)(finding that absent an indication of danger and no allegation of past crimes of violence occurring on the premises, plaintiff's voluntary involvement in the melee was the intervening resulting cause of his injury). *Cf. Meadows v. Friedman R.R. Salvage Warehouse,* 655 S.W.2d 718 (Mo.App.1983)(holding that there were no allegations indicating sufficient time elapse after the security guard became aware of the danger of a specific attack for police assistance to be summoned and to have prevented plaintiff's injuries).

The allegations of the motion for summary judgment are sufficient to require the plaintiffs to demonstrate that they could introduce substantial evidence of negligence on the part of one or more of the Smith defendants. They may not rest on their pleadings. If the evidence in the record were the only evidence introduced at a trial, the court would be obliged to direct a verdict in favor of these defendants. If the plaintiffs have more evidence of negligence, they were obliged to come forward with it in their response to the motion for summary judgment. If they wanted to tender additional charges of negligence, the way was open to file an amended petition. If they required more time or more discovery, the court, on motion, would be obliged to allow reasonable opportunities. Although summary judgment is a drastic remedy that should be decreed with caution, the court did not err, on this record, in sustaining the motion for summary judgment.

Inasmuch as the plaintiffs have not demonstrated that they could establish negligence, we do not need to consider the general law as to a host's duty to guests, or the circumstances under which a person could be liable for the criminal act of another. Nor are the matters of the presence of beer, the three-dollar charge, or the indication of possible racial tension, significant in this appeal.

The judgment is affirmed.

ROBERT G. DOWD, Jr., C.J. and KENT E. KAROHL, J., concur.