NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-475

JACKSON J. WERNER & others[1]

vs.

ZIPCAR, INC., & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the Superior Court granted summary judgment to the defendants, 57 East Pleasant Street, LLC, and Zipcar, Inc. (Zipcar),[3] ruling that they did not owe a common-law duty of care to the plaintiffs, Jackson J., James P., and Elizabeth B. Werner. The plaintiffs appeal, contending that the judge erred because the defendants owed or assumed a duty of care to the plaintiffs and the defendants violated that duty. We affirm.

---

[1] James P. Werner and Elizabeth B. Werner.

[2] 57 East Pleasant Street, LLC.

[3] We refer to these two entities collectively as the defendants. Two additional defendants were dismissed pursuant to a stipulation of dismissal in the trial court.

1.  Background.  On the evening of October 21, 2017, Jackson rented a car from defendant Zipcar.[4]  The car was located at the garage at 57 East Pleasant Street, Amherst (garage). Zipcar sent an e-mail message to Jackson with instructions on how to return the car to the garage, which required entry through a remote-controlled overhead door:

> "The Zipcars are located . . . on the corner of Triangle Street and East Pleasant Street, directly across from Kendrick Park.  Your car may be equipped with . . . a gate button located on the visor of each vehicle.  Depress the button upon exit/entrance to open the door.
>
> "If your car does not have a pass, park in front of the gate, walk down the concrete path between the Kendrick building and Bertucci's, and enter the access door with the Zipcar signage.  Tap your [Z]ipcard against the black card reader, and then drive your car inside.
>
> "Upon return, look for the Zipcar logos and the black garage door on [T]riangle [S]treet."

After picking up the car, Jackson noticed it was not equipped with a remote door opener (also referred to as a parking pass). To drive the car from the garage, Jackson got out of the car and used a wall button to open the overhead garage door.

Later that evening, Jackson sought to return the vehicle. As he approached the garage, he concluded that if he followed the instructions provided in the e-mail message and parked in front of the gate, the rear end of his car would extend into the

_____

[4] As several members of the family share the same last name, we refer to them by their first names for ease of reference.

2

street.  Because of this concern, Jackson decided on an alternate plan.  He moved the car to a parking lot across from the garage on Triangle Street.  He then attempted to cross the street to reach the access door on the side of the 57 East Pleasant Street building.  A drunk driver struck Jackson while he was crossing the street, severely injuring him.

The plaintiffs brought claims for negligence and loss of consortium against the garage owner (57 East Pleasant Street, LLC) and Zipcar.  The motion judge granted the defendants' motions for summary judgment, ruling that neither defendant owed a duty of care to protect Jackson from injury in a public way.  The plaintiffs moved for reconsideration, asserting that the defendants assumed a duty of care by providing return instructions for situations where the car did not have a parking pass to open the garage door.  The motion judge denied the motion for reconsideration.  Separate and final judgments then entered in favor of Zipcar and the garage owner.  The plaintiffs appealed.

2.  Discussion.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Juliano v. Simpson, 461 Mass. 527, 529-

3

530 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

Before a defendant can be found liable for negligence, "there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury." Davis v. Westwood Group, 420 Mass. 739, 742-743 (1995). Whether such a duty exists is a question of law. See Wallace v. Wilson, 411 Mass. 8, 12 (1991). "[W]e look to existing social values and customs, as well as to appropriate social policy" to determine whether the defendants owed a duty of care. Cottam v. CVS Pharmacy, 436 Mass. 316, 320 (2002), quoting Davis, supra at 743.

a. Scope of the duty of care. "[A]n owner or possessor of land owes a common law duty of reasonable care to all lawful visitors." Davis, 420 Mass. at 743. "Although a landowner or possessor typically is not held to any duty with respect to public highways adjacent to or crossing [their] land, [they] must exercise reasonable care in the use of [their] land so as not to injure a traveler on the highway." Id. Because Jackson's injury occurred on an adjacent public roadway, the controlling question is whether the defendants' use of their land created the conditions that caused his injury.

The plaintiffs contend that the defendants owed a duty to provide a remote garage door opener or to instruct on a

4

reasonably safe alternative way of returning the car. We are not persuaded. Jackson sustained his injury while deviating from the instructions provided by Zipcar, and it was not Zipcar's instructions that put him in harm's way as he crossed the street. Compare Davis, 420 Mass. at 742-743 (dog track owner owed no duty when patron was struck by drunk driver while crossing public highway between dog track and parking lot, both owned by the same entity), with Pritchard v. Mabrey, 358 Mass. 137, 140 (1970) (property owner owed duty when her failure to stop water dripping from her building onto adjacent public sidewalk created dangerous physical condition that caused plaintiff's injury).

Given our conclusion, it follows that the plaintiffs' alternative claim that, in the absence of remote openers, Zipcar owed a duty to arrange for parking on the same side of Triangle Street as the garage also fails. Zipcar had no duty to protect against the hazards inherent in an adjacent public road. In Davis, the Supreme Judicial Court declined to expand a duty of care to such hazards, as it "would make the line which cuts off landowner liability 'nearly impossible to draw.'" 420 Mass. at 744, quoting Wofford v. Kennedy's 2nd St. Co., 649 S.W.2d 912, 914 (Mo. Ct. App. 1983).

b. Assumed duty of care. "If a person voluntarily assumes a duty or undertakes to render services to another that should

5

have been seen as necessary for [their] protection, that person may be liable for harm caused because of the negligent performance of [their] undertaking." Thorson v. Mandell, 402 Mass. 744, 748 (1988). The scope of an assumed duty is limited to the "specific task" undertaken to assume the duty. Davis, 420 Mass. at 746. "[A] duty voluntarily assumed must be discharged with due care." Id.

> "[T]he mere fact that [a defendant] had voluntarily undertaken to render a service is not sufficient to impose a duty. It must also be shown that either (a) the failure to exercise due care increased the risk of harm, or (b) the harm is suffered because of the [plaintiff's] reliance on the undertaking."

Mullins v. Pine Manor College, 389 Mass. 47, 53-54 (1983).

Jackson did not suffer his injury while following Zipcar's instructions. Instead, his tragic injury occurred while he chose a different method for returning the car. The plaintiffs contend that by including vehicle return instructions to be used in the absence of a remote garage opener, Zipcar assumed a general duty to provide a safe way for its patrons to return rented vehicles. We are not persuaded. See Mullins, 389 Mass. at 53-54. See also Davis, 420 Mass. at 747 & n.13 (defendant that hires and pays municipal police officer to direct traffic at crosswalk does not assume "unreasonably onerous" duty to ensure pedestrians' safe passage across highway; to impose such duty "would penalize [the defendant] for having arranged and

6

paid for municipal police officers to monitor the pedestrian crossing").  Because we conclude that neither defendant owed a duty to Jackson to provide safe passage across the street when he chose not to follow the instructions provided by Zipcar, the judge correctly granted summary judgment in favor of the defendants.

<div style="margin-left: 50%;">

Judgments dated August 22, 2023, and March 25, 2024, affirmed.

By the Court (Vuono, Hershfang & Tan, JJ.[5]),

Clerk

</div>

Entered:  May 1, 2025.

---

[5] The panelists are listed in order of seniority.