ASSOCIATED DRY GOODS CORPORATION, a Corporation, Appellant,

v.

Wylor D. DRAKE and Kermit Drake, Appellees.

No. 18858.

United States Court of Appeals Eighth Circuit.

May 14, 1968.

F. Douglas O'Leary, of Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., for appellant; M. E. Stokes was with F. Douglas O'Leary, St. Louis, Mo., on the brief.

Samuel T. Vandover, St. Louis, Mo., for appellees; Edward L. Dowd and Arthur Friedman, St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, MATTHES, Circuit Judge and HARRIS, Chief District Judge.

HARRIS, Chief District Judge.

This appeal is from a judgment in favor of the plaintiffs, Wylor D. Drake and Kermit Drake, her husband, (appellees) in the sum of $7500.00 and $500.00, respectively, as damages resulting from personal injuries sustained by Wylor D. Drake and medical expenses and loss of services sustained by Kermit Drake.

The plaintiffs instituted this action against Stix, Baer & Fuller, Inc., a corporation, to recover damages for injuries sustained by plaintiff, Wylor D. Drake,

as a result of her slipping and falling as she was going down a stairway on the premises of the defendant, which were directly and proximately caused by the defendant's (appellant) negligence.

By agreement, and with approval of the Court, Associated Dry Goods Corporation, a corporation, was substituted for Stix, Baer & Fuller, Inc., a corporation, as the proper defendant and operator of the department store. It was agreed that, if there was any liability, Associated Dry Goods Corporation, a corporation, is the proper party to be held responsible.

It is alleged by the plaintiff that on or about the 31st day of October, 1961, Wylor D. Drake sustained severe and permanent injuries on the premises of the defendant as she was descending the terrazzo steps going down to the basement from the outside on the Sixth Street side of the premises; such injuries resulting from her stepping and falling on the steps and being caused by the negligent and careless acts and omissions of the defendant. More specifically, the plaintiffs claim the defendant failed to exercise reasonable and ordinary care in maintaining and keeping the stair-steps in a safe condition by allowing them to become worn, beveled and rounded, slick and smooth; by failing to provide treads on the steps and to place a mat or other tread-like surface thereon when the defendant knew, or by the exercise of reasonable and ordinary care could have known, the steps were in a dangerous condition; by failing to warn the plaintiff, Wylor D. Drake, of the dangerous condition when the defendant knew, or by the exercise of reasonable and ordinary care could have known, that in such dangerous condition the plaintiff, Wylor D. Drake, might be injured thereon; by allowing water to accumulate and remain on the steps creating such dangerous condition; and that the defendant knew, or by the exercise of reasonable and ordinary care could have known, that the condition of the steps was not safe for use, and negligently and carelessly failed to remove the water to make the condi-

tion safe or to give warning to the plaintiff, Wylor D. Drake.

Wylor D. Drake testified that she arrived at the Sixth Street entrance to the defendant's basement store in a service cab about 10:00 or 10:30 on October 30, 1961. The purpose of going to the basement store was to "pick up some Will Call" packages. After getting out of the service car she "made a few steps across the sidewalk to go down into the basement store". It was raining at the time, enough to cause her to be wearing a raincoat and a plastic scarf on her head. The service car had its windshield wipers on.

As she approached the entrance, which was at the time an open entrance from the outside to the store steps going down, she looked down, put her foot on the first step and caught hold of the right railing. She started down the steps, slipped and fell.

There was no covering at the entrance. There was no mat or anything on the top step. She looked down before descending the steps. She failed to notice that there was water on the steps. She did not know how many steps she fell down, but was stopped by her leg striking the right railing in the center of the steps. Immediately after the fall she noticed that she "was wet, my dress was terribly wet, my raincoat, my hair at the lower part there, wet".

Someone assisted her. She could hear people talking, but couldn't see them. She was in a dazed condition. She heard somebody say "this lady is hurt". She was taken to the basement in the shoe department. She was attended by a nurse, put in a wheelchair, and taken upstairs to the first aid room. On the way upstairs she asked that she be rolled back by the steps to see what caused the fall. She looked up the steps and saw that they were wet and had some thick heavy-looking substance on them. She was wheeled on to the first aid room where she remained about forty-five minutes to an hour. The nurse took her to the elevator and waited until she entered it.

The elevator took her back to the basement. She walked up the same steps on which she slipped and fell and observed the steps as she went up. She identified photographs of the steps as they appeared at the time of the accident, except "they were not wet".

The weather report for October 30, 1961, revealed that there was a trace of rain beginning at 3:10 a. m.; that there was a heavy rainshower beginning at 5:58 a. m., and decreased to light rain at 6:18 a. m.; that there was a light rain continuing until 12:46 p. m., a total rain fall of .39 inches.

Edward V. Hamilton, supervisor of maintenance of defendant's store since 1955, identified photographs that were properly introduced into evidence depicting the involved steps as fairly representing the appearance of the steps in October of 1961. They show that the leading edges of the top four steps are worn, beveled and rounded, slick and smooth. They also show that the steps are open to the elements of weather.

E. W. Bilhorn, a qualified consulting engineer, testified as an expert witness for plaintiffs. Terrazzo steps have a dense stone surface. When it becomes worn and rounded, or becomes wet, it becomes more slippery. After describing the general characteristics of the steps and as they appeared at the time, the witness expressed an opinion that the steps were not properly constructed originally and were unsafe.

The defendant's testimony consisted of reading some questions and answers from the deposition of plaintiff, Wylor D. Drake, taken on July 1, 1964. No witnesses or other evidence was offered to support its contentions.

At the close of the plaintiffs' case the defendant filed a motion for a directed verdict and renewed the motion at the close of all the testimony.

The defendant contends that (1) the court erred in denying appellant's motion for a directed verdict, (2) the court erred in its instruction to the jury, and (3) the court erred in the admission of the

expert testimony. We consider these contentions in the order of presentation.

## SUFFICIENCY OF THE EVIDENCE

■ The plaintiff's evidence, if not contrary to the physical facts, must be accepted as true in consideration of the motion for a directed verdict and considered in the light most favorable to the plaintiff. Clifford v. F. W. Woolworth Company, Mo.App., 201 S.W.2d 416, 421; Zacher v. Missouri Real Estate & Insurance Agency, Inc., Mo.Sup., 393 S.W.2d 446.

■ The general rule applicable to the issues involved here is that: "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm  *  *." 2 Restatement of the Law of Torts, Sec. 343. And see Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813, 818; Wattels v. Marre, Mo.Sup., 303 S.W.2d 9, 14, 66 A.L.R.2d 433; Stafford v. Fred Wolferman, Inc., Mo.Sup., 307 S. W.2d 468; Vogrin v. Forum Cafeterias of America, Inc., Mo.Sup., 308 S.W.2d 617; Wilkins v. Allied Stores, Mo.Sup., 308 S.W.2d 623.

■ The evidence was sufficient to establish that the plaintiff, Wylor D. Drake, was an invitee, a customer, and that she entered the defendant's premises to pick up a purchase of goods offered for sale by the defendant. Wilkins v. Allied Stores, Mo.Sup., 308 S.W.2d 623, 628; Wattels v. Marre, supra; Happy v. Walz, 358 Mo. 56, 213 S.W.2d 410, 414.

■ It is well settled under the law of Missouri that the owner or occupant of a premises who, by invitation, express or implied, induces others to come upon his premises, for any lawful purpose, is liable in damages to such persons, using due care, for injuries occasioned by the unsafe condition of the premises or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public, or to those who were likely to enter thereupon by such invitation. Happy v. Walz, supra; Cf. Stoll v. First National Bank of Independence, 345 Mo. 582, 134 S.W.2d 97, 100.

■ As stated in Dean v. Safeway Stores, Mo.Sup., 300 S.W.2d 431, 432, and restated in Wilkins v. Allied Stores, supra, the rule as declared and set forth in the Restatement is firmly imbedded in the jurisprudence of this jurisdiction, for the time being, and the problem is whether the facts and circumstances of the occurrence in question reasonably fit into the pattern of the rule as it has been established in Missouri. It should be noted, however, that under the rule the defendant was only required to exercise ordinary care to prevent injury to plaintiff. The defendant as the occupier of the premises in question, could not be held liable to plaintiff-invitee for injuries resulting from an open and obvious condition of the premises as well known to the plaintiff as to the defendant. Accordingly, if the plaintiff was aware of the condition, or if it was such that she must have been conscious of and of the consequences of disregarding it, she cannot recover. Summa v. Morgan Real Estate Co., 350 Mo. 205, 165 S.W.2d 390, 393; Mullen v. Sensenbrenner Mercantile Co., Mo.Sup., 260 S.W. 982, 984, 33 A.L.R. 176; Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723, 726; Harper v. First National Bank of Kansas City, Mo.Sup., 196 S.W.2d 265, 267; Schmoll v. National Shirt Shops of Mo., 354 Mo. 1164, 193 S.W.2d 605, 608; Fletcher v. North Mehornay Furniture Co., 359 Mo. 607, 222 S.W.2d 789, 794.

■ It is, therefore, a fundamental rule that the basis of a proprietor's liability in a case such as this one is his superior knowledge of the defective condition of his premises which results in injury to his business invitee. Gruetzemacher v. Billings, Mo., 348 S.W.2d 952; Howard v. Johnoff Restaurant Co., Mo., 312 S.W.2d 55; Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278. As further pointed out in Wilburn v. Southwestern Bell Telephone Company, Mo., 382 S.W.2d 49: "If a proprietor knows, or in the exercise of ordinary care should know, of a dangerous condition of his premises which involves an unreasonable risk of harm to his invitee, and of which the invitee, in the exercise of ordinary care, does not or should not know, a recovery will be permitted against the proprietor." Harbourn v. Katz Drug Co., Mo.; 318 S.W.2d 226; Stafford v. Fred Wolferman, Inc., supra. But if the dangerous condition is obvious and known, or in the exercise of ordinary care should be known, by the invitee, actionable negligence is not established and the invitee will not be permitted to recover. Heine v. John R. Thompson Co., Mo., 330 S.W.2d 867; Wilkins v. Allied Stores, supra; Schmoll v. National Shirt Shops of Mo., supra.

■ Viewing the evidence in the light most favorable to plaintiffs, we are of the opinion that the plaintiffs made a submissible case. The defendant insists the evidence is not sufficient to establish negligence on its part and that the evidence was insufficient to show that any act of the defendant caused the plaintiff's fall. The fact that the plaintiff fell and was injured is not questioned. The court properly instructed the jury on the burden of proof.

There was undisputed evidence that it was raining, that the outside entrance was open with no cover, that the steps to the basement were being used by the public, that the steps were worn, beveled and rounded, slick and smooth, and wet with water and had some thick heavy-looking surface on them.

"The presence of water alone (or water, dampness, wet slush or slime, as the evidence tends to show was present on the steps of defendant's stairway in our case) on the variously covered surfaces of floors, or of the stairs in stores, has been recognized, in the physical settings and the shown circumstances of cases, as supporting the inference of a condition dangerous and not reasonably safe for the invitee's use. Clifford v. F. W. Woolworth Co., Mo.App., 201 S.W.2d 416, certiorari quashed State ex rel. F. W. Woolworth Co. v. Bland, 357 Mo. 339, 208 S.W.2d 263; Bankhead v. First Nat. Bank of St. Louis, Mo.App., 137 S.W.2d 594, certiorari quashed State ex rel. First Nat. Bank of St. Louis v. Hughes, 346 Mo. 938, 144 S.W.2d 84; Hubenschmidt v. S. S. Kresge Co., Mo.App., 115 S.W.2d 211; Belzer v. Sears, Roebuck & Co., Mo.App., 76 S.W.2d 701. Nor is it essential to a plaintiff's case that there be evidence introduced that the water rendered the surface of the stairs slippery and dangerous. It is common knowledge that various surfaces are slippery when wet; and a jury may infer that a wet, slippery surface, in some circumstances, is not reasonably safe for an invitee's use." Stafford v. Fred Wolferman, Inc., Mo., 307 S.W.2d 468, 473; Zacher v. Missouri Real Estate & Insurance Agency, Inc., Mo.Sup., 393 S.W.2d 446, 448–449.

The facts and circumstances stated in the above rule fit into the pattern of this case. The jury could reasonably infer that the water and other substance on the stairway of the type here involved would make the surface slippery and dangerous.

It is claimed that the evidence failed to show that the defendant had notice of the condition of the steps. It is common knowledge that steps become worn, rounded and beveled over a period of years. The rain started early in the morning and lasted in varying degrees until after the noon hour. The store was open to the public and the testimony shows that the plaintiff slipped and fell about 10:30 a. m. It reasonably could be found that the defendant, through its agents and employees, who often must

have observed that patrons tracked in water and slush in wet weather, or that it rained through the open entrance to the stairway, should have anticipated the presence of water, moisture or slush on the steps of the stairway and that its presence would probably create a condition dangerous to patrons passing up and down the stairway, although such patron was in the exercise of due care. As pointed out in the *Zacher* case, supra, since it could be inferred that the defendant had knowledge of the condition which developed during inclement weather, this is not an instance in which the length of time that the water had been on the surface of the steps was significant from the standpoint of notice to the defendant. It was for the jury to determine whether or not the condition which the accumulation of water produced was a dangerous one and whether or not the defendant, by the exercise of reasonable care, could have made the condition safe.

■ Neither can we say that under all the evidence the plaintiff was not exercising ordinary care for her own safety nor that she, as a matter of law, was guilty of contributory negligence. There was no evidence to establish contributory negligence on the part of the plaintiff. It was for the jury to determine whether under the physical facts and circumstances she was contributorily negligent or failed to exercise ordinary care for her own safety. Clifford v. F. W. Woolworth Company, supra.

It is also urged by the defendant that the plaintiffs failed to make a submissible case because the evidence was insufficient to show that any act of defendant caused the plaintiff Wylor D. Drake's fall. It is pointed out that her testimony as to the cause of the fall is vague and appears to be contradictory. These statements were elicited on cross-examination and isolated from the context of the plaintiff's testimony. They are given a meaning which is not justified when plaintiff's testimony is considered in its entirety. An examination of the plaintiff's testimony shows that these answers could be reasonably construed by a jury as meaning that plaintiff could not positively state what substance caused her to slip and fall. However, they did not necessarily destroy the probative force of the plaintiff's other testimony. Neither did they cause the plaintiffs' case to be based upon "mere conjecture". Douglas v. Douglas, Mo.Sup., 255 S.W.2d 756, 758.

■ Of course, to make a submissible case it is necessary that the plaintiff show not only negligence on the part of the defendant, but also a causal connection between such negligence and her injuries. It has been consistently held that causation, along with the other elements of liability, may be shown by circumstantial evidence, although it cannot be left to mere speculation and conjecture. Zacher v. Missouri Real Estate & Insurance Agency, Inc., supra.

"The rule, however, does not require that there must be direct proof of the fact itself. This would often be impossible. It is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion therefrom may be fairly inferred." Pentecost v. St. Louis Merchants' Bridge Terminal R. R. Co., 334 Mo. 572, 66 S.W.2d 533, 536; Watt v. St. Louis Public Service Company, Mo.Sup., 354 S.W.2d 889, 891(1–3). See also Douglas v. Douglas, Mo.Sup., 255 S.W.2d 756, 758–759 (6); Clifford v. F. W. Woolworth Co., Mo.App., 201 S.W.2d 416, 421–422 (1, 2).

We think the facts in this case proved by "positive testimony and circumstantially" are of such value and probative force that the jury could and had a right to reason from them and infer other facts which create liability. We are, therefore, of the opinion that the evidence was sufficient for a submissible case to a jury and the trial court did not err in overruling defendant's motions for a directed verdict.

■ The defendant-appellant's second contention is that the court erred in its instruction to the jury by giving that

portion of the court's charge directing a verdict for plaintiff, Wylor D. Drake, which was not supported by the evidence. The instruction of the court in abstract is not questioned. Neither is the hypotheses. The objection is made on the basis that the hypotheses is not supported by the testimony. As correctly pointed out the giving of an instruction which is not supported by the testimony is error and should not be given.

We have carefully examined that part of the instruction objected to and conclude that the court correctly stated the case under applicable law to the jury for a verdict to be returned in favor of the plaintiff, Wylor. D. Drake, and against the defendant.

The instruction is rather lengthy and since it is not questioned as to form or content no purpose would be served by including it herein.

We have already reviewed the evidence in some detail and have held that the evidence was sufficient for the jury to determine the numerous factual questions raised in the defendant's brief on this contention.

We have carefully considered the cases cited by the defendant in support of its contention and fail to note any similarity to the situation presented in the instant case. We have already held the evidence is substantial and uncontradicted.

As pointed out in Van Brock v. First National Bank in St. Louis, 349 Mo. 425, 161 S.W.2d 258, 262: "It is simply our view, in the instant case, that the facts proven by positive testimony and circumstantially are of such value and probative force that the jury could and had a right to reason from them and infer other facts which create liability, just as it could have arrived at a contrary result. All we are deciding or concluding is that under all the facts and circumstances, in the instant case, the plaintiff sustained her burden of adducing such evidence as to warrant the court in submitting its persuasiveness as to negligence and proximate cause to a jury." We think this rule applies in the instant case. We disagree with the contention of the defendant and hold that the plaintiffs have constructed a substantial evidentiary basis to support the court's instruction.

## THE ADMISSION OF PLAINTIFFS' EXPERT TESTIMONY

The third contention of the defendant is that the court erred in permitting plaintiffs' witness Bilhorn to testify as an expert witness concerning the "safety" of the steps on the basis that it is an invasion of the province of the jury.

Bilhorn testified that he was a Consulting Engineer. He gave a description of his educational background and experience as a Civil and Mechanical Engineer qualifying him in this particular field. His qualifications are not questioned. For nine years he was the City Engineer and Building Commissioner for the City of Sunset Hills and Grantwood Village. He served as the Acting Building Commissioner for the City of Olivette, served as a consultant to the City of University City, to the Missouri Highway Department and the Illinois Division of Highways.

He was permitted to testify from observing photographs, properly admitted, that the material of the stair-steps involved was made of terrazzo. He explained that terrazzo is a concrete mixture that is poured in a plastic condition and permitted to set up like concrete. It is then polished to a fine surface. He further testified that in the tread of each stair is either a feature strip or carborundum abrasive strip to make the steps less slippery. He was permitted to testify as to the condition of the steps leading down the stairway, the coefficient of friction that leather soles would have on using the steps. As to safety, he stated that in a dry condition they are marginal; in a wet condition they are unsafe. He expressed an opinion that they were not properly constructed originally.

■ It is the general rule that expert testimony is appropriate when the subject of inquiry is one which jurors of normal experience and qualifications as

laymen would not be able to decide on a solid basis without the technical assistance of one having unusual knowledge of the subject by reason of skill, experience, or education in the particular field. Nelson v. Brames, 241 F.2d 256 (10 Cir., 1957).

The ordinary layman would not be expected to be knowledgeable in the construction of the stairway and its characteristics as explained by this witness. The facts disclosed that many buildings in the City of St. Louis have terrazzo steps. This would infer that due to the common use throughout the city that such steps are safe. A juror of ordinary skill and experience may very well benefit from the opinion of someone knowledgeable in the field as we find in this particular situation.

In City of St. Louis v. Kisling, 318 S. W.2d 221, at page 225, the Supreme Court of Missouri stated: "Expert witnesses, because of their superior knowledge, are called to state conclusions of fact respecting a subject concerning which persons without special skill or experience are incapable of deducting correct conclusions."

■ It has been consistently held that the admission or rejection of expert testimony rests largely in the sound judicial discretion of the trial court; and that when exercised within normal limits, such discretion will not be disturbed on appeal. Gillespie v. Collier, 224 F. 298, 301 (8 Cir., 1951); Francis v. Southern Pacific Co., 10 Cir., 162 F.2d 813, affd. 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798; E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547; Nelson v. Brames, supra; Ackelson v. Brown, 8 Cir., 264 F.2d 543.

The defendant relies on the rule stated in Schroeck v. Terminal Railroad Ass'n of St. Louis, Mo., 305 S.W.2d 18, 62 A.L. R.2d 1416, to support its argument that the admissibility of Mr. Bilhorn's expert opinion was error. We do not agree. In that case there was some question as to the necessity for expert or opinion evidence or that it could be helpful to the jury. Neither was the witness in that case qualified and the court held that he did not have any more information or knowledge on the subject than the jury had from other witnesses and from their own observations.

It is insisted by defendant that the expert testimony was improper and prejudicial since it concerned an ultimate issue to be decided by the jury. The function of expert testimony is to adduce an opinion on the questions directly in issue. "It is not a valid objection to proper expert testimony that the answer states a conclusion of the witness as to a factual situation * * *, and although it is on the very question to be ultimately decided by the jury, expert testimony is to be given the weight and credit the jury deems it entitled to, as is any other testimony. Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84"; Hotchner v. Liebowits, St.L.App.Mo., 341 S.W.2d 319, 328.

■ We find no merit in the contention of the defendant and conclude that the court did not abuse its discretion in permitting the expert testimony of the witness.

Judgment affirmed.