Nancy L. CALDWELL, Appellant,

v.

Timothy K. McGAHAN, and Sharon R. McGahan, Respondents.

No. 66432.

Missouri Court of Appeals, Eastern District, Division Five.

March 7, 1995.

Thomas J. Casey, Jonathan E. Fortman, St. Louis, for appellant.

Jeffrey J. Brinker, Aaron I. Mandel, Clayton, for respondents.

CARL R. GAERTNER, Judge.

The plaintiff, Nancy Caldwell, appeals from the trial court's entry of summary judgment in favor of the defendants, Timothy and Sharon McGahan. We affirm.[1]

When reviewing an appeal from summary judgment, we view the record in the light most favorable to the non-moving party and accord the non-moving party the benefit of all reasonable inferences. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* Summary judgment is appropriate where there is no genuine dispute as to the facts and the facts as admitted show a legal right to judgment for the movant. *Id.* at 380.

Here, the facts are straightforward and, for the most part, undisputed. The McGahans owned certain property in the City of St. Louis. A water stop box was located in the parkway, the area between the sidewalk and curb, in front of their property. On July 5, 1991, Caldwell was walking across the parkway in front of the McGahans' property when she stepped into the water stop box, which was open and uncovered. Caldwell lost her balance, fell, and sustained injuries. She brought an action against the McGahans to recover for those injuries. In her petition, she alleges that the McGahans were negligent for failing to warn her of the uncovered stop box, barricade it, or repair it.

The McGahans moved for summary judgment. They claimed they had no duty to maintain the parkway area; the City of St. Louis had a nondelegable duty to maintain the parkway in a reasonably safe condition. In support of their motion, Timothy McGahan filed an affidavit in which he stated that he did not install the water stop box or alter it in any way. Caldwell did not contradict this fact. The trial court granted the McGahans' motion for summary judgment, and Caldwell appealed.

The present case, although it involves a parkway, is governed by the laws applicable to the public highway. It is well settled in Missouri that a parkway is as much a part of the public highway as are the sidewalks and roadways. *Wendegatz v. Kansas City Gas Co.*, 217 S.W.2d 269, 271 (Mo. App.1948). Since a parkway is designed for different purposes than either the sidewalk or the street, a municipality owes a different degree of care to pedestrians or drivers of vehicles over such areas. *Drury v. City of St. Louis*, 367 S.W.2d 494, 496 (Mo.1963). Nevertheless, this duty rests with the municipality, not adjacent property owners, and it is nondelegable. *Lange v. Wehrenberg Theaters, Inc.*, 870 S.W.2d 880, 883 (Mo.App. 1993).

There are two exceptions to this general rule. The first is the "special use" exception, which applies in two situations: [a] when an abutting property owner has made use of the public sidewalk, parkway or road for some purpose other than merely using them as a sidewalk, parkway or road; or [b] where the

1. The McGahans have also moved for damages for frivolous appeal. The appeal is not so totally devoid of merit as to be considered frivolous. Motion denied.

abutting property owner puts an obstruction on the public sidewalk, parkway or road which was not a part of the original construction in order to serve his own purposes. *Cohen v. West County Motor Co.,* 877 S.W.2d 143, 145 (Mo.App.1994). The second exception imposes a duty on an abutting property owner when he artificially creates, through negligence or affirmative action, a condition on the public sidewalk, parkway or road which makes passage unsafe. *Cohen,* 877 S.W.2d at 146. This dangerous condition must arise through the owner's affirmative actions and not his omissions. *Id.* at 146.

■ In the present instance, the special use exception does not apply. Caldwell does not allege that the McGahans used the parkway for any purpose other than as a parkway. Moreover, the second exception does not apply. Nowhere in the record does Caldwell refute the McGahans' claim that they did not install or alter the water stop box. Whatever the condition of the box, it did not arise out of the McGahans' affirmative actions. Therefore, the McGahans had no duty to warn Caldwell of the condition of the box, to barricade the box, or to repair it. If any duty was owed to Caldwell, it was one owed by the City of St. Louis, not the McGahans.

■ Caldwell makes no real effort to bring this case within one of the two exceptions delineated above. Instead, she relies on language set forth in *Hart v. City of Butler,* 393 S.W.2d 568 (Mo.1965). In *Hart,* the court stated:

> The abutting landowner will be liable for injuries to those using the public sidewalks "... where, by his affirmative act, he creates a dangerous condition, as where he uses the sidewalk for his own private benefit or convenience and fails to exercise reasonable care to prevent injury to persons lawfully using the way, or where he creates or maintains a nuisance." *Hart,* 393 S.W.2d at 582.

Caldwell argues that the McGahans maintained a nuisance in the parkway.

Caldwell's reliance upon the isolated phrase, "maintains a nuisance," is misplaced. It is clear from the totality of the *Hart* opinion that the court simply meant that an abutting land owner may be liable if he artificially creates a condition on the public sidewalk, parkway or road which makes passage unsafe. This conclusion is inescapable in light of the opinion's ensuing discussion of the special use exception and the ultimate conclusion that liability of the abutting property owner to the plaintiff exists "only upon proof that the condition causing her injuries was created by its own affirmative act." *Id.* This is nothing more than a different way of expressing the second exception which we have already set forth above. And as both *Hart* and *Cohen* state, this exception requires an affirmative act on the part of the abutting landowner. *Hart,* 393 S.W.2d at 582; *Cohen,* 877 S.W.2d at 146. Nothing in the record refutes the McGahans' claim that they took no affirmative actions with regard to the water stop box.

Caldwell also relies on a separate quote from the *Hart* opinion, also taken out of context. In discussing the liability of an abutting landowner to a plaintiff who was injured when he tripped over a pipe on the sidewalk, the court stated, "It is liable only if, by its willful act or negligent omission, it caused the pipe to create a dangerous obstruction on the sidewalk." *Hart* at 583. Caldwell argues that the McGahans' failure to repair the water stop box could also constitute a negligent omission.

■ Caldwell ignores the obvious principle which was implicit in the discussion in *Hart* from which this quote was lifted. That principle is, simply: in order for an omission to be negligent, there must be some duty to act. As we have already stated, the municipality has a nondelegable duty to maintain public sidewalks, roads and parkways. *Lange v. Wehrenberg Theaters, Inc.,* 870 S.W.2d at 883. Abutting property owners have no duty to act with regard to maintaining sidewalks, roads and parkways, unless they have made special use of the sidewalk, road or parkway, or they, themselves, have created the dangerous condition. Neither exception applies to the McGahans. And since the McGahans had no duty to maintain the parkway, their failure to repair the water stop box cannot constitute a negligent omission.

Caldwell also cites to an ordinance in the Revised Code of the City of St. Louis. That ordinance was never submitted in evidence before the trial court. Therefore, it is not in the record before us, and we cannot take judicial notice of the ordinance. *See Drury Displays, Inc. v. Board of Adjustment,* 832 S.W.2d 330, 331 (Mo.App.1992).

Summary judgment in favor of the defendants is affirmed.

GRIMM, C.J., and WHITE, J., concur.

