**In re MARRIAGE OF Charles A. BLOCK and Betty J. Block.**

**Charles A. BLOCK, Petitioner/Appellant,**

v.

**Betty J. BLOCK, Respondent/Respondent.**

No. 66130.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 13, 1995.

∎

**Lindzey SMITH, et al., Plaintiffs–Appellants,**

v.

**DH STORES, INC., Respondent–Respondent.**

No. 67021.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 1995.

Leland C. Smith, II, St. Charles, for appellants.

Joseph L. Leritz, Leritz, Plunkert & Bruning, P.C., St. Louis, for respondent.

KAROHL, Judge.

The trial court dismissed plaintiffs Lindzey and Lori Smith's petition against DH Stores, Inc. for failure to state a cause of action. They alleged emotional distress. We affirm the dismissal.

On September 21, 1993, the Smiths entered Casey's General Store in Warrenton, Missouri. DH Stores, Inc. owns and operates the store. Lori Rustmann was working as a clerk that day. Sometime prior to September 21, 1993, Rustmann's boyfriend, William Tufts, had threatened to kill her. However, he never threatened to damage the store or its customers. Rustmann saw Tufts sitting in his vehicle across the street from the store. While the Smiths were inside the store, Tufts intentionally drove his vehicle through the front wall of the store. The Smiths filed a petition alleging DH Stores, Inc. was negligent because its employee, Rustmann, knew or should have known of William Tufts' dangerous propensities, but failed to notify local law enforcement authorities of his threats. The petition also alleged DH Stores, Inc. was negligent for failing to properly train, supervise or provide sufficient procedures or policies to its employees for handling potentially dangerous known third parties. The trial court concluded the petition failed to state a cause of action.

The Smiths present two points on appeal. They contend the trial court erred in dismissing their petition because: 1) the averments of the petition state a claim calling for the invocation of substantive law principles entitling plaintiffs to relief, and 2) the averments allege ultimate facts which, if proven, show defendant had a duty to protect plaintiffs from injury, defendant breached that duty, and the breach resulted in injury to the plaintiffs.

To prevail in a negligence action, plaintiffs must establish four elements: 1) that defendant had a legal duty to conform to a certain standard of conduct to protect others against unreasonable risks; 2) that duty was breached; 3) proximate causation existed between the breach/conduct and the resulting injury, and 4) actual damages to the plaintiff. *Kuhn v. Budget Rent–A–Car of Missouri, Inc.*, 876 S.W.2d 668, 672 (Mo.App.

W.D.1994). A duty of care imposed by the law of negligence arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury. *Lowrey v. Horvath,* 689 S.W.2d 625, 627 (Mo. banc 1985). The determination of foreseeability does not depend alone upon whether, in the exercise of reasonable diligence, a defendant could foresee or ought to have foreseen, the very injury complained of, but the party charged with negligence may be held liable for any injury which, after the casualty, appears to have been a natural and probable consequence of his act or omission. *Id.*

DH Stores, Inc. did not have a duty to protect its customers from William Tufts' actions. Sometime prior to the incident, Tufts had threatened to kill Rustmann. He did not threaten the store or its customers. It was not reasonably foreseeable that Rustmann's failure to inform local law enforcement authorities of Tufts' threats to her would cause harm or injury to the store or its customers. The Smiths' psychological injuries were not natural and probable consequences of Rustmann's failure to inform local law enforcement authorities of Tufts' threats to her. Thus, the trial court did not err in dismissing the Smiths' petition for failure to state a cause of action.

The judgment is affirmed.

GRIMM, C.J., and AHRENS, P.J., concur.