**Aurelia K. WEIL and Russell Weil, Plaintiffs/Appellants,**

v.

**Justin RIGALI, Archbishop of the Roman Catholic Archdiocese of St. Louis, Defendant/Respondent.**

No. 73783.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1998.

Application for Transfer Denied
Dec. 22, 1998.

Frank J. Niesen, Jr., St. Louis, for appellant.

Noce & Buckley, L.L.C., Mary V. Schmidtlein, St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

This suit arises from Aurelia K. Weil and Russell K. Weil's (the Weils) attempt to recover from Justin Rigali (the Archbishop), in his capacity as Archbishop of the Roman Catholic Archdiocese of Saint Louis, for personal injuries sustained by slipping and falling on a sidewalk adjacent to Epiphany of Our Lord Catholic Church (Epiphany), located in the City of Saint Louis. The Weils sought to recover for the damages from the fall and loss of consortium. Following discovery, the trial court granted the Archbishop's motion for summary judgment and the Weils appeal. We affirm.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition allegations and determine if a genuine issue of material fact exists for trial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). Our review of the summary judgment motion is de novo. *ITT*, 854 S.W.2d at 376. This Court determines whether the moving party established a right to judgment as a matter of law by showing facts that negate any one element which the plaintiff must prove, or if following discovery, the plaintiff is unable to produce sufficient evidence to allow the trier of fact to find the existence of any essential element, or that no genuine dispute exists regarding a properly pleaded affirmative defense. *Id.* at 381. In response to a summary judgment motion, a party must set forth specific facts showing a genuine issue of material fact, not disputes that are "merely argumentative, imaginary or frivolous." *Id.* at 382. In our review, the facts are construed most favorably to the party against whom the summary judgment was entered. *Lindell Trust Co. v. Lieberman*, 825 S.W.2d 358, 359 (Mo.App. E.D. 1992); *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

The Weils' petition reveals that on 14 November 1992, Aurelia K. Weil attended a trivia night at Epiphany. While she was returning to her car, Aurelia K. Weil slipped and fell. A hole was located on the sidewalk

running parallel to Smiley Avenue and adjacent to Epiphany. The Weils contend that Epiphany undertook to repair this portion of the sidewalk, but repair work was unfinished and that Epiphany failed to post adequate warnings.

The Archbishop filed a motion for summary judgment alleging that he owed no duty to the Weils based on the application of the abutting landowner doctrine. The Weils responded to the motion contending that the Archbishop was estopped to raise the abutting landowner doctrine and that his failure to plead the doctrine as an affirmative defense waived his right to assert it. The trial court granted the Archbishop's summary judgment motion on 18 December 1997. This appeal follows.

Upon appeal, the Weils claim that the trial court erred in granting summary judgment because: (1) the abutting landowner doctrine is an affirmative defense which was waived by the Archbishop's failure to plead it, and (2) the court refused to consider their estoppel argument in opposition to the summary judgment motion.

■ The Weils purport that the trial court erred in granting the Archbishop's motion for summary judgment based on the abutting landowner doctrine because the doctrine is an affirmative defense which was not pleaded and, accordingly, waived. In its pleadings, "a party shall set forth all applicable affirmative defenses...." Rule 55.08. An affirmative defense will defeat a plaintiff's cause of action because of additional facts which allow the defendant to avoid legal responsibility. *ITT*, 854 S.W.2d at 381. A defense must be pleaded in answering a petition if the facts of the plaintiff's petition are admitted, but there are additional facts which allow the defendant to avoid legal responsibility. *Jones v. Landmark Leasing, Ltd.*, 957 S.W.2d 369, 375 (Mo.App. E.D.1997). If an affirmative defense is not pleaded, it results in a waiver of that defense. *Id.*; *State ex rel. Heiserman v. Heiserman*, 941 S.W.2d 768, 770 (Mo.App. S.D.1997). The Weils contend that the fact the City of Saint Louis had a non-delegable duty to maintain the sidewalk is an additional fact which needed to be pleaded as an affirmative defense and since this fact was not within the petition, the Weils believe that the defense was waived. We disagree.

■ The Archbishop's motion for summary judgment presented evidence which negated one element of the negligence claim. To prevail upon their negligence claim, the Weils must present evidence which shows: the existence of a legal duty by the Archbishop to protect Aurelia K. Weil from injury, the Archbishop's failure to do so, an injury caused by that failure and damages. *See Smith v. DH Stores, Inc.*, 900 S.W.2d 12, 13 (Mo.App. E.D.1995). The evidence negated the element of the Archbishop's duty; it is not an affirmative defense.

■ Based upon evidence presented in the motion, the Archbishop demonstrated that the sidewalk where Aurelia K. Weil fell was a public sidewalk. Additionally, as a public sidewalk, the city, not the abutting landowner, has a non-delegable duty to repair and maintain the sidewalk. *Lange v. Wehrenberg Theaters, Inc.*, 870 S.W.2d 880, 883 (Mo.App. E.D.1993). There are two exceptions to this rule. The first is the "special use exception" and applies when the abutting landowner uses the public sidewalk for a purpose other than as a sidewalk, such as a driveway or the addition of an obstruction. *Id.*; *Rauh v. Interco, Inc.*, 702 S.W.2d 497, 501 (Mo.App. E.D.1985). The only evidence that the public sidewalk was "specially used" by Epiphany was that in the removal of snow Epiphany had a snowplow drive across the sidewalk. This does not constitute a special use of the public sidewalk. At no time was the sidewalk used as something other than a sidewalk.

■ The abutting landowner may be liable under the second exception if the abutting landowner acts negligently and artificially creates a dangerous condition. *Lange*, 870 S.W.2d at 883. The dangerous situation must be caused by the abutting landowners affirmative actions rather than omissions. *Id.* Additionally, the abutting landowner is not required to repair or maintain a public sidewalk. *Rauh*, 702 S.W.2d at 501. Aurelia K. Weil stepped into a hole in the public sidewalk. Evidence presented demonstrated

that the concrete was crumbling; Epiphany did not affirmatively act in creating the hole. Hence, neither exception to the abutting landowner doctrine applies.

Following the Archbishop's negation of one of the Weils's essential elements, it was incumbent upon them to present evidence which demonstrated a genuine issue of material fact to defeat the summary judgment motion. The Weils failed to do so and the trial court properly entered summary judgment in the Archbishop's favor. Point denied.

The Weils also contend that the trial court erred in not allowing them to present evidence of estoppel in opposition to the abutting landowner claim by the Archbishop. However, estoppel is an affirmative defense that must be specifically pleaded. Rule 55.08; *Wareham v. American Family Life Ins. Co.*, 922 S.W.2d 97, 99 (Mo.App. W.D. 1996). At oral argument, the Weils contend that the Archbishop was estopped from denying liability. The Weils failed to plead estoppel in their petition, however, they raised this argument in their response in opposition to the Archbishop's summary judgment motion. In their brief, the Weils set forth two estoppel arguments. The first, that the Archbishop is estopped from alleging the abutting landowner doctrine, we have addressed. Their second argument is that based upon the statements made by the Archbishop's claims agent, the Archbishop may not now deny liability.

 Following the accident, the claims agent made statements to the Weils that they would be compensated for their damages. The Weils believed the statements of the Archbishop's claims agent and stated that they relied on the agent to pay them within the ninety day period following the accident. The City of Saint Louis may be sued for an injury based on the condition of its sidewalks only when it is properly given notice of the injury within the ninety days following the occurrence. Section 82.210 RSMo (1994). The Weils were reimbursed in the sum of $3,249.63 by the Archbishop in compensation for losses sustained. However, when the claims agent did not satisfy all their demands [1] within the ninety day period, the Weils had failed to safeguard their claim against the city by notifying it about the accident. In their petition against the Archbishop, the Weils did not plead equitable estoppel nor facts that would support a claim for equitable estoppel; accordingly, they may not raise it subsequently. Rule 55.08. The trial court did not err and the Weils's point is denied.

Judgment is affirmed.

CRANDALL and AHRENS, JJ., concur.

---

1. The Weils sought compensation for past and future medical bills, permanent effects of the fall, future pain and suffering, emotional distress, past and future lost wages, and loss of consortium.