

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| BELINDA WILKINS, | ) | ED110387 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 17SL-CC04130 |
| | ) | |
| JOHN HENDEL, AND PATRICIA HENDEL, | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Respondents, | ) | Filed: October 18, 2022 |
| | ) | |
| AND | ) | |
| | ) | |
| CITY OF MAPLEWOOD, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

Belinda Wilkins (Plaintiff) appeals from the trial court's judgment granting summary judgment in favor of John and Patricia Hendel (Defendants). We affirm.

## BACKGROUND

The undisputed facts are as follows: On or about November 21, 2015, at approximately 4:30 a.m., Plaintiff was walking on a public sidewalk adjacent to 7574 Ellis Avenue, in the City of Maplewood (Property). The property was owned by Defendants.[1] The sidewalk was covered by a pool of water obstructing Plaintiff's passage on the sidewalk. She stepped onto the grass area between the

---

[1] The undisputed facts further established Defendants rented the residence located on the Property and pursuant to the lease, the tenant was responsible for maintaining the lawn.

sidewalk and Oakland Avenue, on the west side of the Property to avoid the water. This public right of way was owned by the City of Maplewood (Maplewood). Plaintiff fell into a sewer vent for the Property's lateral sewer line that was missing its cover and sustained injuries. Plaintiff filed an action alleging negligence and nuisance against Defendants.[2] Defendants filed a motion for summary judgment, arguing they were entitled to judgment as a matter of law. The trial court granted summary judgment in favor of Defendants. Plaintiff now appeals.

## DISCUSSION

Plaintiff raises two points on appeal. In point one, she claims the trial court erred in granting summary judgment in favor of Defendants on her claim of negligence because the finding that Defendants did not have a duty to maintain or repair the vent located in Maplewood's right of way was disputed by uncontroverted facts which showed Defendants made "special use" of the area. In point two on appeal, Plaintiff argues the trial court erred in granting summary judgment in favor of Defendants on her claim of nuisance based on the same argument regarding Defendants' duty made in point one.

### *Standard of Review*

Our review of summary judgment is *de novo*. *Reddick v. Spring Lake Est. Homeowner's Ass'n*, 648 S.W.3d 765, 773 (Mo. App. E.D. 2022). We will affirm the trial court's grant of summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *Robinson v. Arnold*, 985 S.W.2d 801, 803 (Mo. App. E.D. 1998) citing *ITT Comm. Fin. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993); Rule 74.04(c)(6)[3].

### *Analysis*

Where, as in this case, a defending party moves for summary judgment, they will be entitled to judgment if they show: (1) facts negating any of the elements necessary to a plaintiff's claims; (2) that

---

[2] Plaintiff also alleged two counts against Maplewood; however, she dismissed her claims against Maplewood with prejudice.
[3] All references to Rules are to Missouri Supreme Court Rules (2022).

the plaintiff, after adequate discovery, has been and will not be able to produce evidence sufficient to allow a trier of fact to find the existence of any one of the required elements; or (3) there is no genuine dispute of facts required to prove properly pleaded affirmative defenses. *Parr v. Breeden*, 489 S.W.3d 774, 778 (Mo. banc 2016), citing *ITT Comm. Fin.*, 854 S.W.2d at 381.

## Point I

In her first point on appeal, Plaintiff claims the trial court erred in granting summary judgment in favor of Defendants on her negligence claim because the uncontroverted facts show Defendants had a duty to maintain and repair the sewer vent located in Maplewood's right of way because Defendants made "special use" of the area. This argument is without merit.

To prevail on her negligence claim, Plaintiff must show the existence of a duty on the part of Defendants, a breach of that duty, and injury to Plaintiff that was proximately caused by Defendants' breach. *Robinson*, 854 S.W.2d at 803 n.1. The issue in both of Plaintiff's points on appeal is whether Defendants, as owners of the adjacent property, owed Plaintiff a duty to maintain or repair the missing vent cover for the lateral sewer line on Maplewood's right of way. "The existence of a duty is purely a question of law." *Parr*, 489 S.W.3d at 779, citing *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. banc 2005).

It is undisputed the area where Plaintiff fell was a public right of way in Maplewood. Plaintiff specifically alleged Maplewood owned the right of way, and Maplewood admitted this fact in its answer to Plaintiff's second amended petition. Generally, a municipality has a nondelegable duty to maintain public property and the adjacent landowners do not owe any duty to individuals to maintain or repair the areas. *Robinson*, 854 S.W.2d at 803. There are two exceptions to this general rule. *Id.* First is the "special use exception," which applies if the adjacent landowners make some special use of the property

to serve their own purposes. *Id*. The second is where the landowner, by some affirmative act, creates a dangerous condition in the publicly owned area. *Id*.

Plaintiff claims the first exception applies here. She argues the uncontroverted facts show Defendants owned the lateral sewer line accessible by the vent and used the vent for plumbing services. Plaintiff also states the undisputed facts that Defendants mowed the public right of way and replaced the missing cover after Plaintiff's injury support a finding that Defendants made "special use" of the area.

The "special use" exception applies where the abutting property owner (or lessee) uses the public right of way in an alternative manner, such as using it as a driveway or adding an obstruction to the area. *Lange v. Wehrenberg Theaters, Inc.*, 870 S.W.2d 880, 883 (Mo. App. E.D. 1993). Essentially, to create a duty under this exception, there must be evidence that the property was used for something other than what it was intended to be used for. *Weil v. Regali*, 980 S.W.2d 89, 91 (Mo. App. E.D. 1998) (evidence that adjacent property owner drove snow plow over public sidewalk to remove snow did not constitute "special use" of property because no evidence at any time was sidewalk used as anything other than a sidewalk). The abutting property owner will be liable if he or she uses the public right of way for his or her own private benefit or convenience and fails to exercise reasonable care to prevent injury to other individuals lawfully using the area. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 16 (Mo. App. E.D. 2005).

As Defendants point out, this case is similar to *Caldwell v. McGahan*, 894 S.W.2d 237 (Mo. App. E.D. 1995). In *Caldwell*, the plaintiff fell into an open water stop box in the public area between the sidewalk and curb in front of the defendants' property, which was owned by the City of St. Louis. *Id*. at 238. Our Court affirmed the trial court's grant of summary judgment in favor of the defendants who owned the adjacent property, finding that the duty to maintain the area rested with the City of St. Louis, and not the adjacent property owners and this duty was nondelegable. *Id*. Although this Court

4

found the "special use" exception did not apply because Plaintiff had not alleged any facts to constitute a special use of the area, we held that abutting property owners have no duty to act with regard to maintaining public rights of way unless they have made a special use of the property. *Id*. at 239.

The undisputed evidence shows that Maplewood owned the public right of way in the grass area where Plaintiff fell into the open vent. The undisputed evidence does not show that Defendants obstructed or made use of the area for any alternative purpose. Instead, the undisputed evidence shows only that Defendants used the vent for plumbing services, as intended and mowed the grass area. This was not evidence that the right of way was used for anything other than its intended purposes and does not constitute a "special use" of the property as contemplated by case law. *See Lange*, 870 S.W.2d at 883; *Caldwell*, 894 S.W.2d at 239; and *Regali*, 980 S.W.2d at 91. Thus, the undisputed facts negate the duty element of Plaintiff's claim for negligence because there was no evidence Defendants made "special use" of the public right of way to subject them to liability for Plaintiff's injury sustained from her fall. The trial court did not err finding Defendants did not have a duty to Plaintiff as a matter of law, and as a result, summary judgment in favor of Defendants was proper. Point one on appeal is denied.

## Point II

In point two on appeal, Plaintiff argues the trial court erred in granting summary judgment in favor of Defendants on her claim of nuisance on essentially the same grounds asserted in point one. She claims the uncontroverted facts show Defendants owed her a duty, and therefore, they were not entitled to judgment as a matter of law on her claim for nuisance.

As Plaintiff notes, in the context of injuries to third parties caused by allegedly unreasonable conditions of property, typically negligence and nuisance claims coexist and are relatively inseparable. *Jackson v. City of Blue Springs*, 904 S.W.2d 322, 328 (Mo. App. W.D. 1995). This is generally because the acts or omissions constituting negligence usually give rise to the claim of nuisance. *Id*. Where a

5

plaintiff sues the owner of property for injuries arising from an unreasonable risk of harm due to the condition of the property, the standard of care is defined by the relationship existing between the owners and the plaintiff. *Id*. In this case, to prove the nuisance claim, Plaintiff must prove Defendants, as the owners of adjacent property to a public right of way owned by Maplewood, owed her a duty. *See Id*.

As discussed in detail in our analysis of point one on appeal, the undisputed facts show Defendants did not make a "special use" of the right of way owned by Maplewood sufficient to create a duty to Plaintiff to maintain or repair the sewer vent. Thus, Defendants were entitled to judgment as a matter of law on her claim for nuisance. Point two on appeal is denied.

## CONCLUSION

The judgment of the motion court is affirmed.

_____
Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J. and
Thomas C. Clark, II, J., concur.